## Drenkle *against* Garber.

The supreme court will act on facts established by *affidavit* to determine the regularity of an appeal, but not a question of merits.

ERROR to the common pleas of *Berks* county.

David Garber for the use of Jacob W. Seitzinger, against Daniel Drenkle, administrator of John Garber deceased. Action of debt on bond. The cause was referred to arbitrators, who found for the plaintiff 897 dollars, from which the defendant entered an appeal on the 18th March 1829 ; and on the same day, by an agreement signed by Drenkle and Seitzinger, the appeal was withdrawn ; after which Drenkle died, and Daniel Esterly became his administrator. In 1834, a rule was entered at the instance of the administrator of Drenkle, to show cause why the appeal should not be reinstated, on the ground of its having been withdrawn by collusion ; and on the hearing of the rule, depositions were read, showing satisfactorily that the debt had been paid before the suit was brought. The court below refused to reinstate the appeal, because the heirs of Garber had had notice of the reference of the case, and made no defence.

*Greenough* and *Hoffman*, for plaintiff in error, cited, 2 *Watts* 94 ; 3 *Penns. Rep.* 441 ; 1 *Rawle* 323 ; 5 *Rawle* 228 ; 1 *M'Cord's Ch.* 161.

*Deckart*, contra, was stopped by the court.

PER CURIAM.—We have sometimes acted on facts established by *affidavit*, to determine the regularity of an appeal, but not a question of merits. By the *retraxit* of the appeal the judgment became absolute, and the application to reinstate it for the subsequent discovery of collusion, being the only accessible mode of letting the appellant into a defence, was in effect a motion to open the judgment, which we have repeatedly ruled not to be a subject of error. There may be much hardship in the case, but we cannot relieve it.

Judgment affirmed.